# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH C. PAEZ | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-564 |
| | § | (Judge Mazzant) |
| VADIM GELBOYM and AMROS | § | |
| SOLUTIONS, INC. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Request to Enter Bill of Costs (Dkt. #104). Having considered the relevant pleadings, the Court finds that the motion should be granted in part.

On August 31, 2011, Plaintiff sued Defendants AMROS Solutions, Inc. and Vadim Gelboym for the recovery of property and bodily injury damages resulting from a motor vehicle collision in Oldham County, Texas, on August 21, 2010.

On July 19, 2012, Defendants served Plaintiff with an Offer of Judgment in the amount of $45,000. The Offer of Judgment included Plaintiff's costs to date. Plaintiff failed to accept Defendants' offer. On August 28, 2012, Defendants served Plaintiff with a second Offer of Judgment in the amount of $70,000. The Offer of Judgment included Plaintiff's costs to date. Plaintiff failed to accept Defendants' offer.

The jury returned a verdict for Plaintiff, and the Court rendered judgment on the verdict. The Judgment awarded Plaintiff $42,500 in damages. The clerk entered judgment on October 18, 2012. On November 1, 2012, Defendants filed a request to enter bill of costs (Dkt. #104).

On November 2, 2012, Defendants filed a supplemental request (Dkt. #105). No response was filed to either request.

Rule 68(d) sets forth the consequences of an unaccepted offer if a judgment is reached in a lesser amount: "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Rule 68 is mandatory and leaves no room for discretion to the district court. *Johnston v. Penrod Drilling Co.*, 803 F.2d 867, 869 (5th Cir. 1986). Plaintiff's judgment did not exceed Defendants' July 19, 2012 Offer of Judgment. Thus, this Court must require that Plaintiff pay the costs which were incurred by Defendants after the Offer of Judgment was served. Moreover, Plaintiff is not entitled to any costs incurred after July 19, 2012, and Defendants are entitled to recover all incurred costs after July 19, 2012.

Courts may only award costs that are specifically articulated in 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Section 1920 allows recovery of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title [28 U.S.C. § 1923]; and

(6) Compensation of court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 U.S.C. § 1828].

28 U.S.C. § 1920. A prevailing party bears the burden of showing the necessity and reasonableness of the costs challenged by the opposing party. *Faculty Rights Coalition v. Shahrokhi*, No. H-04-2127, 2005 U.S. Dist. LEXIS 16293, at *3 (S.D. Tex. Aug. 10, 2005).

Defendants seek reimbursement for the following costs:

(1) private process fees;[1]

(2) witness fees;

(3) expert witness fees;

(4) private investigator fee;

(5) copies;

(6) deposition fees;

(7) video deposition fees; and

(8) video synchronization.

Section 1920 does not provide for an award of hotel expenses, postage fees, mediation fees, meals, airline ticket fees, private investigator fees or expert witness fees.[2] Accordingly, all such fees are disallowed.

---

[1] Even though private process service fees are not specifically enumerated under § 1920, they are nonetheless taxable to the same extent as fees paid to the U.S. Marshal for service of process.

[2] Under Section 1920, a prevailing party may recover expert witness fees only for court-appointed experts.

It is therefore ORDERED that Defendants' Request to Enter Bill of Costs (Dkt. #104) is hereby GRANTED in part and Defendants are awarded the following costs against Plaintiff:

(1) Process and Witness Fees $261.65;

(2) Copies $2,124;

(3) Deposition Fees $7,116.04.[3]

The total amount of costs awarded against Plaintiff is $9,501.69.

**SIGNED this 9th day of May, 2013.**

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE

---

[3] Video Synchronization is an incidental charge that is not allowable under section 1920 and the Court does not award the submitted amount of $762