# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSEPH C. PAEZ | § | |
| | § | |
| V. | § | CASE NO. 4:11-CV-564 |
| | § | (Judge Mazzant) |
| VADIM GELBOYM and AMROS | § | |
| SOLUTIONS, INC. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. #101). Having considered the relevant pleadings, the Court finds that the motion should be granted in part and denied in part.

### Background

On August 31, 2011, Plaintiff sued Defendants AMROS Solutions, Inc. and Vadim Gelboym for the recovery of property and bodily injury damages resulting from a motor vehicle collision in Oldham County, Texas, on August 21, 2010. During the trial on the merits, Defendants moved for Judgment as a Matter of Law at the close of all evidence. The Court denied Defendants' motion and submitted this case to the jury. The jury returned a verdict for Plaintiff, and the Court rendered judgment on the verdict. The Judgment awarded Plaintiff $42,500 in damages. The clerk entered judgment on October 18, 2012. On October 25, 2012, Defendants filed their renewed motion for judgment as a matter of law (Dkt. #101). On November 7, 2012, Plaintiff filed a response (Dkt. #106). On November 15, 2012, Defendants filed a reply (Dkt. #108). On December 7, 2012, Plaintiff filed an amended response (Dkt.

#111). The Court then granted a stay which was lifted on March 20, 2013. The Court held a hearing on the motion on April 3, 2013.

## Legal Standard

Judgment as a matter of law is only appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(a)(1); *Aetna Cas. & Sur. Co. v. Pendleton Detectives of Miss., Inc.*, 182 F.3d 376, 377-78 (5th Cir. 1999). "A court reviews all evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury." *Fractus, S.A. v. Samsung Electronics Co., Ltd.*, 876 F. Supp. 2d 802, 813 (E.D. Tex. 2012) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000)). "The moving party is entitled to judgment as a matter of law, 'only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict.'" *Id.* (citation omitted). "A jury verdict must be upheld unless 'there is no legally sufficient evidentiary basis for a reasonable jury to find' as the jury did." *Int'l Ins. Co. v. RSR Corp.*, 426 F.3d 281, 296-97 (5th Cir. 2005) (citing FED. R. CIV. P. 50(a)(1); *Hiltgen v. Sumrall*, 47 F.3d 695, 700 (5th Cir. 1995)).

"[I]f there is substantial evidence opposed to the motion[], that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motion[] should be denied… There must be a conflict in substantial evidence to create a jury question." *Deffenbaugh-Williams v. Wal-Mart Stores, Inc.*, 188 F.3d 278, 285 (5th Cir. 1999) (citations omitted). "The jury's verdict is awarded great

deference. Thus, when evaluating the sufficiency of the evidence, we view all evidence and draw all reasonable inferences in the light most favorable to the verdict." *Bryant v. Compass Group USA, Inc.*, 413 F.3d 471, 475 (5th Cir. 2005).

## Discussion

Defendants renew their Motion for Judgment as a Matter of Law with respect to the following: (1) Plaintiff's claim for damages for past medical expenses; (2) Plaintiff's claim for future physical impairment; (3) Plaintiff's claim for past physical pain and mental anguish; (4) Plaintiff's claim for property damage to his 1968 Ford Mustang; and (5) Plaintiff's claim for property damage to his 1982 Chris Craft Boat.

Defendants first assert that the jury awarded Plaintiff $5,000 for past medical expenses but that there is a lack of evidence to support Plaintiff's claim. Defendants assert that Plaintiff failed to produce any evidence to show that the medical expenses incurred by Plaintiff resulted from the accident for which the jury found Defendant Vadim Gelboym eighty-five percent (85%) negligent, and since Plaintiff failed to produce evidence to show the causal link between the medical expenses and the accident at issue, there was no evidence to support the jury's award of past medical expenses.

**Medical Expenses**

Plaintiff first argues that the only argument made by Defendants was that there was no evidence of past medical expenses and not that there was no casual link between the medical expenses and the collision. Plaintiff's argument is misplaced, because Defendants did make the argument at trial that there was no causal connection between Plaintiff's damage claims and the accident. No waiver occurred.

In order to recover damages, Plaintiff must provide evidence of the causal connection between the negligence of the Defendants and the personal injuries alleged by Plaintiff. When there is no medical testimony presented with respect to whether the injuries to plaintiff were caused by the collision, the evidence presented must show a reasonable probability that all of plaintiff's injuries were caused by the collision in question. *See Orkin Exterminating Co., Inc. v. Davis*, 620 S.W.2d 734, 736 (Tex. Civ. App.--Dallas 1981, writ ref'd n.r.e). The Court agrees that Plaintiff presented no medical testimony with respect to his alleged bodily injuries resulting from the accident at issue. There was no evidence produced by Plaintiff to show that all of his injuries were caused by the accident. Plaintiff has failed to provide any evidence to show the causal connection between Plaintiff's medical expenses and the collision, the Court must grant Defendants' Renewed Motion for Judgment as a Matter of Law with respect to Plaintiff's past medical expenses.[1]

**Physical Impairment**

The jury awarded Plaintiff damages in the amount of $15,000 for future physical impairment. Defendants next assert that there is no evidence to support a claim for future physical impairment. Defendants assert that there is no evidence in the record to show that Plaintiff's physical impairment was caused by the accident at issue.

Plaintiff asserts that Texas law allows lay testimony to prove causation in cases in which general experience and common sense enables a lay person to determine, with reasonable

---

[1] After the accident, Plaintiff did not immediately seek medical attention. Instead, he spent the night in a hotel and then took a flight back to Chicago the next day. After arriving back to his home the next day, Plaintiff did seek medical attention by going to a hospital for testing. Although the Court can see how these medical costs would support an award of past medical expenses, these medical bills were not admitted into evidence.

probability, the causal connection between the accident and the injury, citing *Hamburger v. State Farm Mut. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). Plaintiff asserts he testified as to the activities he was prohibited from conducting because of being involved in the car wreck, which includes his inability to play golf or bowl.

Plaintiff presented no medical testimony to show that his future physical impairment was caused by the accident for which the jury found Defendants negligent. The only testimony was from Plaintiff and his parents as to Plaintiff's alleged current physical impairments. This evidence was insufficient to show that Plaintiff's future physical impairment resulted from the accident. Defendants' medical experts did testify that they did not believe that Plaintiff's alleged future physical impairment was the result of the accident at issue. There is no evidence in the record to show within reasonable medical probability that all of Plaintiff's injuries were caused by the accident. Interestingly, the jury found no damages for physical impairment from the date of the accident until more than two years after the accident in this case. As Plaintiff failed to provide any evidence to show the causal connection between Plaintiff's physical impairment and the collision, the Court must grant Defendants' Renewed Motion for Judgment as a Matter of Law with respect to Plaintiff's future physical impairment.

**Past Physical Pain and Mental Anguish**

The jury awarded Plaintiff damages in the amount of $15,000 for past physical pain and mental anguish. Defendants assert that there is no evidence or insufficient evidence in the record to show that Plaintiff's physical pain and mental anguish was caused by the accident at issue. Plaintiff asserts that his lay testimony is sufficient. Plaintiff testified about the accident and how his body was thrown around the inside of the vehicle as it was slammed from behind and pushed

down the highway. The Court finds that there is sufficient evidence for the jury to award $15,000 to Plaintiff based upon the facts of this accident. Plaintiff was hit by an 18-wheel truck and, considering the facts of the wreck, the jury could have awarded much more than $15,000. Thus, the Court finds that there is sufficient evidence to support the jury award.

**1968 Ford Mustang**

The jury awarded Plaintiff damages in the amount of $7,500 for property damage to his 1968 Ford Mustang. Defendants assert that Plaintiff failed to provide sufficient evidence to support an award for property damage to the 1968 Ford Mustang.

Under Texas law, a plaintiff can recover damages for the loss or reduction of a property's value. *City of Tyler v. Likes*, 962 S.W.2d 489, 496-97 (Tex. 1997). The primary method of valuation is the market value. The market value of personal property is the amount that would be paid in cash by a willing buyer who desires to buy, but is not required to buy, to a willing seller who desires to sell, but is under no necessity of selling. *Exxon Corp. v. Middleton*, 613 S.W.2d 240, 246 (Tex. 1981). When personal property is damaged or destroyed, the market value is the difference in the value of the item immediately before and immediately after the damage in the county where the damage occurred. *Thomas v. Oldham*, 895 S.W.2d 352, 359 (Tex. 1995). Automobiles are subject to market value for loss. *Id.* Machines and equipment are subject to market valuation for loss as well. *Pasadena State Bank v. Isaac*, 228 S.W.2d 127, 128 (Tex. 1950). Intrinsic value, on the other hand, is a value not by market forces but by personal or sentimental value. The market value of property is determined at the place where the damage occurred. *Thomas*, 895 S.W.2d at 359.

Under Texas law, an owner of property can testify as to its market value even though such owner cannot qualify to testify about the value of like property belonging to someone else. *Porras v. Craig*, 675 S.W.2d 503, 504 (Tex. 1984). In order for a property owner to qualify as a witness to the damages to his/her property, the owner's testimony must show that it refers to market, rather than intrinsic or some other value of the property. *Ford Motor Co. v. Cooper*, 125 S.W.3d 794, 799 (Tex. App.-- Texarkana 2004, no pet.). This requirement is usually met by asking the owner if he is familiar with the market value of his property. *Porras*, 675 S.W.2d at 505 (citing *Moody v. Castleberry*, 151 S.W. 2d 960 (Tex. Civ. App.-- 1941, no writ)).

Defendants assert that Plaintiff failed to provide sufficient evidence of the difference in the market value of the 1968 Ford Mustang immediately before and immediately after the accident in Oldham County, Texas, the location of the accident. Plaintiff asserts that he testified as to the value of the vehicle, including his knowledge of the market value of the vehicle before and after the accident based upon his own personal knowledge.

The Court finds that there was sufficient proof of the difference in market value of the Mustang in Oldham County, Texas, offered by Plaintiff. Defendants' motion is denied on this point.

**1982 Chris Craft Boat**

The jury awarded Plaintiff damages in the amount of $7,500 for property damage to Plaintiff's 1982 Chris Craft Boat. Defendants assert that Plaintiff failed to provide any evidence to support an award of property damage to the 1982 Chris Craft Boat in the amount rendered by the jury. In the alternative, Defendants assert that the documents in evidence do not support the jury award of $7,500 for property damage to Plaintiff's 1982 Chris Craft Boat. Defendants

suggest the correct amount, as established by Plaintiff's Exhibit 2, should be $3,997.50, which reflects actual cash value of the boat in Potter County, Texas.

Plaintiff asserts that he testified about the value of the boat, which include his knowledge of the market value of the boat before and after the accident based upon his own personal research.

The Court finds that there was sufficient proof of the difference in market value of the Mustang in Oldham County, Texas, offered by Plaintiff. Defendants' motion is denied on this point.

It is therefore ORDERED that Defendants' Renewed Motion for Judgment as a Matter of Law (Dkt. #101) is hereby GRANTED in part and the Court finds as follows:

Plaintiff's damages for past medical expense are $0; and

Plaintiff's damages for future physical impairment are $0.

The Court therefore Amends the Final Judgment that Plaintiff, Joseph C. Paez, recover of Defendants, Vadim Gelboym and Amros Solutions, Inc., the sum of TWENTY-FIVE THOUSAND FIVE HUNDRED DOLLARS AND 00/100 ($25,500.00) in damages, plus pre- and post-judgment interest thereon at the rate provided by law.

**SIGNED this 9th day of May, 2013.**

AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE